

GARY RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

FILED ✔
RECEIVED          LODGED
                  COPY
DEC 2 0 2023
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-23-01809-PHX-DGC (MTM) |
|---|---|---|
| Plaintiff, | | **INDICTMENT** |
| vs. | VIO: | 18 U.S.C. § 371<br>(Conspiracy to Make False Statements in the Purchase of a Firearm)<br>Count 1 |
| 1. Kevin James Lewis,<br>(Counts 1-57) | | |
| 2. Isaac Ray Godfrey,<br>(Counts 1, 2-42) | | 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2<br>(Material False Statement in the Purchase of a Firearm, Aiding and Abetting)<br>Counts 2-55 |
| 3. Karra Bene Lewis, and<br>(Counts 1, 43-51) | | |
| 4. James A. Vanley, III,<br>(Counts 1, 52-55) | | 18 U.S.C. §§ 922(g)(1) and 924(a)(2)<br>(Felon in Possession of a Firearm)<br>Counts 56-57 |
| Defendants. | | 18 U.S.C. §§ 924(d), 981, and 982;<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

From on or about February 8, 2020, through on or about November 27, 2021, within

the District of Arizona, Defendants KEVIN JAMES LEWIS, ISAAC RAY GODFREY,

KARRA BENE LEWIS, and JAMES A. VANLEY, III did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: to knowingly make false statements or representations to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, pertaining to information that the law requires the licensed dealers to keep, in violation of Title 18, United States Code, Section 922(a)(6), 924(a)(2), 924(a)(1)(A), and 2.

**Purpose of the Conspiracy**

The purpose of this conspiracy was to obtain firearms from licensed dealers of firearms by means of knowingly making material and other false statements and representations that concealed the identity of the true purchaser of the firearms from the records the dealer was required to maintain.

**The Means and Methods of the Conspiracy**

The means and methods employed by Defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that Defendants and co-conspirators would purchase firearms from licensed firearms dealers in the District of Arizona.

It was further part of the conspiracy that Defendants and co-conspirators would purchase multiple firearms of similar make, model, and caliber.

It was a further part of the conspiracy that Defendants and co-conspirators would purchase those firearms on behalf of other Defendants and co-conspirators.

It was a further part of the conspiracy that Defendants and co-conspirators would make false statements and representations on the ATF Form 4473 regarding the true purchaser of each of the firearms.

It was a further part of the conspiracy that Defendants and co-conspirators would often provide the funds to the Defendants purchasing firearms for the purchase of the firearms involved in the conspiracy.

It was further part of the conspiracy that Defendants and co-conspirators purchasing

firearms would sometimes be compensated monetarily for their actions by other Defendants and co-conspirators.

It was a further part of the conspiracy that all the acts of acquiring, obtaining, selling, purchasing, and transporting the firearms involved in the conspiracy were undertaken by Defendants and co-conspirators with the knowledge and intent that the firearms involved in the conspiracy would be illegally provided to other Defendants and co-conspirators.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

Between on or about February 8, 2020, and November 27, 2021, Defendant KEVIN JAMES LEWIS knowingly induced and procured false statements and representations to businesses located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of those businesses. Defendant KEVIN JAMES LEWIS had Defendants ISAAC RAY GODFREY, KARRA BENE LEWIS, and JAMES A. VANLEY, III purchase firearms on his behalf on 54 separate occasions at businesses located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code.  Defendant KEVIN JAMES LEWIS is a convicted felon and cannot legally purchase firearms.  Defendant KEVIN JAMES LEWIS induced and procured Defendants ISAAC RAY GODFREY, KARRA BENE LEWIS, AND JAMES A. VANLEY, III to complete 54 Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473, Firearms Transaction Record, containing a statement or representation that they knew to be materially false.

Specifically, between May 26, 2020 and November 27, 2021, Defendant ISAAC RAY GODFREY, in the District of Arizona, knowingly made false statements and representations to a business located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the

records of that business.  On 41 separate occasions, Defendant ISAAC RAY GODFREY executed Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473, Firearms Transaction Record, containing a statement or representation that he knew to be materially false.  Defendant ISAAC RAY GODFREY was aided, abetted, counseled, commanded, induced, or procured by Defendant KEVIN JAMES LEWIS to make these false statements or representations.  Defendant ISAAC RAY GODFREY made the materially false statements or representations that he was the actual transferee/buyer of fifty-five (55) firearms, when in fact those firearms were for Defendant KEVIN JAMES LEWIS.

Specifically, between February 8, 2020 through January 6, 2021, Defendant KARRA BENE LEWIS, in the District of Arizona, knowingly made false statements and representations to businesses located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of those businesses.  On nine (9) separate occasions, Defendant KARRA BENE LEWIS executed Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473, Firearms Transaction Record, containing a statement or representation that she knew to be materially false.  Defendant KARRA BENE LEWIS was aided, abetted, counseled, commanded, induced, or procured by Defendant KEVIN JAMES LEWIS to make these false statements or representations.  Defendant KARRA BENE LEWIS made the materially false statements or representations that she was the actual transferee/buyer of 13 firearms, when in fact those firearms were for Defendant KEVIN JAMES LEWIS.

Specifically, between April 28, 2021 through June 15, 2021, Defendant JAMES A. VANLEY, III, in the District of Arizona, knowingly made false statements and representations to a business located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the

records of that business.  On four (4) occasions, Defendant JAMES A. VANLEY, III executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing a statement or representation that he knew to be materially false.  Defendant JAMES A. VANLEY, III was aided, abetted, counseled, commanded, induced, or procured by Defendant KEVIN JAMES LEWIS to make these false statements or representations.  Defendant JAMES A. VANLEY, III made the materially false statements or representations that he was the actual transferee/buyer of six (6) firearms, when in fact those firearms were for Defendant KEVIN JAMES LEWIS. Defendant KEVIN JAMES LEWIS paid Defendant JAMES A. VANLEY, III in marijuana and money for diapers for purchasing firearms.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-42

On or about May 26, 2020 through November 27, 2021, in the District of Arizona, Defendants KEVIN JAMES LEWIS and ISAAC RAY GODFREY knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISAAC RAY GODFREY did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer of the firearm(s), whereas in truth and fact, he knew that he was purchasing the firearm(s) for Defendant KEVIN JAMES LEWIS:

| Count | Date | FFL (Business) Name |
|---|---|---|
| 2 | June 11, 2020 | Ammo AZ |
| 3 | September 8, 2020 | Ammo AZ |
| 4 | November 23, 2020 | Ammo AZ |
| 5 | January 14, 2021 | Ammo AZ |
| 6 | February 9, 2021 | Ammo AZ |
| 7 | March 5, 2021 | Ammo AZ |
| 8 | April 3, 2021 | Ammo AZ |
| 9 | May 26, 2020 | Windy City Pawn |
| 10 | September 29, 2020 | Windy City Pawn |
| 11 | October 16, 2020 | Windy City Pawn |
| 12 | October 20, 2020 | Windy City Pawn |
| 13 | October 21, 2020 | Windy City Pawn |
| 14 | October 29, 2020 | Windy City Pawn |
| 15 | November 16, 2020 | Windy City Pawn |
| 16 | November 24, 2020 | Windy City Pawn |
| 17 | December 29, 2020 | Windy City Pawn |
| 18 | December 30, 2020 | Windy City Pawn |
| 19 | February 1, 2021 | Windy City Pawn |
| 20 | February 3, 2021 | Windy City Pawn |
| 21 | February 15, 2021 | Windy City Pawn |
| 22 | February 23, 2021 | Windy City Pawn |
| 23 | March 8, 2021 | Windy City Pawn |
| 24 | March 14, 2021 | Windy City Pawn |
| 25 | April 4, 2021 | Windy City Pawn |
| 26 | April 15, 2021 | Windy City Pawn |

| 27 | April 24, 2021 | Windy City Pawn |
|---|---|---|
| 28 | April 29, 2021 | Windy City Pawn |
| 29 | May 16, 2021 | Windy City Pawn |
| 30 | November 26, 2021 | Windy City Pawn |
| 31 | October 30, 2020 | Tombstone Tactical |
| 32 | December 16, 2020 | Tombstone Tactical |
| 33 | February 16, 2021 | Tombstone Tactical |
| 34 | March 14, 2021 | Tombstone Tactical |
| 35 | April 7, 2021 | Tombstone Tactical |
| 36 | April 29, 2021 | Tombstone Tactical |
| 37 | May 7, 2021 | Tombstone Tactical |
| 38 | April 3, 2021 | Legendary Sales, Inc. |
| 39 | May 6, 2021 | MLS Arms |
| 40 | June 2, 2021 | Arizona Firearms and Accessories |
| 41 | June 3, 2021 | Strapt Armory |
| 42 | November 27, 2021 | Strapt Armory |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

### COUNTS 43-51

On or about February 8, 2020 through January 6, 2021, in the District of Arizona, Defendants KEVIN JAMES LEWIS and KARRA BENE LEWIS knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant KARRA BENE LEWIS did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives

Forms 4473, Firearms Transaction Record, in each of the counts below stating she was the actual transferee/buyer of the firearm(s), whereas in truth and fact, she knew that she was purchasing the firearm(s) for Defendant KEVIN JAMES LEWIS:

| Count | Date | FFL (Business) Name |
|---|---|---|
| 43 | August 10, 2020 | Ammo AZ |
| 44 | August 26, 2020 | Ammo AZ |
| 45 | September 9, 2020 | Ammo AZ |
| 46 | October 31, 2020 | Tombstone Tactical |
| 47 | January 6, 2021 | Tombstone Tactical |
| 48 | February 8, 2020 | Windy City Pawn |
| 49 | February 28, 2020 | Windy City Pawn |
| 50 | May 11, 2020 | Windy City Pawn |
| 51 | November 3, 2020 | Windy City Pawn |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNTS 52-55

On or about April 28, 2021 through June 15, 2021, in the District of Arizona, Defendants KEVIN JAMES LEWIS and JAMES A. VANLEY, III knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant JAMES A. VANLEY, III did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer of the firearm(s), whereas in truth and fact, he knew that he was purchasing the firearm(s) for Defendant KEVIN JAMES LEWIS:

| Count | Date | FFL (Business) Name |
|-------|------|---------------------|
| 52 | April 28, 2021 | Tombstone Tactical |
| 53 | May 10, 2021 | Windy City Pawn |
| 54 | June 15, 2021 | Windy City Pawn |
| 55 | June 9, 2021 | Pawn 1st |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 56

On or about October 21, 2020, in the District of Arizona, Defendant KEVIN JAMES LEWIS, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting interstate or foreign commerce, to wit:

- one (1) Glock 17, Gen 5, 9 caliber, SN:  BRAV957.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 57

On or about October 30, 2020, in the District of Arizona, Defendant KEVIN JAMES LEWIS, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting interstate or foreign commerce, to wit:

- one (1) Glock 23, 40 caliber, SN:  BRGT800;
- one (1) Ruger AR-556, 556 caliber, SN: 858-56091.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1–57 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1–57 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in

(a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable.  If any forfeitable property, as a result of any act or omission of any defendant:

    (1) cannot be located upon the exercise of due diligence,

    (2) has been transferred or sold to, or deposited with, a third party,

    (3) has been placed beyond the jurisdiction of the court,

    (4) has been substantially diminished in value, or

    (5) has been commingled with other property which cannot be divided without difficulty,

    it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

    All in accordance with 18 U.S.C. §§ 924(d), 981, and 982; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_____/s/_____
FOREPERSON OF THE GRAND JURY
Date:  December 20, 2023

GARY RESTAINO
United States Attorney
District of Arizona


_____/s/_____
JACQUELINE SCHESNOL
Assistant U.S. Attorney