TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 23-01809-002-PHX-DGC |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING SUPPLEMENTAL MEMORANDUM** |
| Isaac Ray Godfrey, | |
| Defendant. | |

Defendant Isaac Ray Godfrey ("Defendant" or "Godfrey") pleaded guilty to Count 14, Material False Statements During the Purchase of a Firearm, and Aid and Abet. The United States concurs with the recommendation in the Final Presentence Report ("PSR") and recommends Defendant Godfrey be sentenced a custodial sentence of 36-months of imprisonment, which is below the United States Sentencing Guidelines ("Guidelines"). The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the PSR. (ECF 118.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 27 and Criminal History Category I. PSR at ¶¶ 40, 44, and 90. This results in a Guidelines range of 70–87 months' imprisonment. A recommendation of a 36-month custodial sentence is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Godfrey on December 20, 2023. (Doc. 1.) Defendant Godfrey entered a guilty plea on October 29, 2024. (Doc. 79.) Godfrey pleaded guilty to Count 14 of the Indictment, Material False Statements During the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2.

The facts giving rise to Godfrey's crime are detailed in the plea agreement and further detailed in the PSR, including the fact he purchased 55 firearms on behalf of and in coordination with his co-defendant. Approximately two dozen firearms have been recovered,[1] predominantly in California, in as little as 31 days from time of purchase to recovery, up to several hundreds of days to recover.

In addition to the facts in the plea agreement, it is important to consider these facts as well: Co-defendant Kevin Lewis is a convicted felon. Lewis used money transfers, CashApp,[2] Green Dot,[3] and cash withdrawals to transfer money to Defendant Godfrey and other co-defendants, which enabled them to purchase firearms for Lewis. Specifically, Kevin Lewis sent money to Godfrey through CashApp, gave Godfrey cash, and allowed Godfrey to use his debit card for the purchase of firearms (Defendant Godfrey used Kevin Lewis' green dot debit card on 2 occasions to purchase firearms at one FFL, and Godfrey used Kevin Lewis' Wells Fargo debit card on four occasions to purchase firearms at the same FFL. Finally, Defendant Godfrey thrice violated conditions of his pretrial release, October 24, 2024, December 16, 2024, and March 11, 2025. (Doc. 76, 104, and 117.)

---

[1] The precise number fluctuates as firearms continue to be recovered.
[2] Cash App is a financial platform. Users can send/receive money they have in their Cash App account. Cash App offers a free Visa debit card linked to the user's Cash App balance. Cash App does provide banking services (even though they are not a bank) through its bank partners.
[3] Green Dot is a prepaid debit card company. It is also a payment platform company and is the technology platform used by Apple Cash, Uber, and Intuit.

**II.     UNITED STATES'S SENTENCING RECOMMENDATION**

Based on the analysis below, the United States recommends that Godfrey receive a custodial sentence of 36-months, which is below the Guideline range, in the Bureau of Prisons ("BOP") followed by a term of three-years' supervised release. As calculated in the PSR, Defendant Godfrey has a Total Offense Level of 27, Criminal History Category I, and a Guidelines range of 70–87 months' imprisonment. The United States will dismiss the remaining counts of the Indictment at the time of sentencing.

**A.     A Custodial Sentence in BOP is Appropriate under § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

In the present case, based on the reasons set forth herein, the United States submits that a 36-month prison sentence for Defendant Godfrey is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

**1.     Nature and Circumstances of the Offense**

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Godfrey offense call for a prison sentence. Godfrey engaged in criminal activity, which resulted in over 50 firearms being purchased for his co-defendant. Many of the firearms were recovered out of state. The nature and circumstances of Defendant Godfreys's actions justify a prison sentence.

### 2.      Defendant's History and Characteristics

Defendant Godfrey appears to have a close and healthy relationship with his mother and a good childhood. (PSR ¶¶ 49 and 52.) He has a high school degree and some college, along with a certification to operate a forklift. (PSR ¶¶ 62-63.) This is evidenced by his lack of criminal history.  But with Defendant Godfrey's family support, education, and skill set, it is curious that in this instance he turned to crime to make money. It is also concerning that while he was trusted to be released pretrial with conditions, that he twice violated those condition. It is also relevant that Godfrey was relatively young when he committed this crime, and it appears COVID and supporting his mother were contributing factors to his activity. For those reasons, the United States recommends a below Guidelines prison sentence of 36-months of incarceration.

### 3.      Seriousness of the Offense

Defendant Godfrey's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Here, Godfrey purchased over fifty firearms. He did so with the intent of those going to a person for whom the government has not had the opportunity to conduct a background check, which has the potential to put deadly weapons into the hands of dangerous individuals. Here, firearms were, in fact, obtained for a convicted felon and many of the firearms did go out of state. This poses danger to the community, making a prison sentence appropriate.

### 4.      The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant Godfrey from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant Godfrey. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts

must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Godfrey's sentence must be sufficient to deter him and other persons who may consider similar criminal conduct.

### 5.     Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). While Defendant Godfrey has no criminal history, the Court must be assured that the public is protected from Godfrey returning to criminal behavior. Therefore, the imposition of prison is necessary.

### 6.     Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). It is unclear whether Defendant Godfrey is in need of additional substance abuse treatment; if so, that can be addressed while he is in prison. Successful treatment could also help to protect the public from any future crimes.

## B.     A Three-Year Term of Supervised Release is Appropriate

The United States recommends that Defendant Godfrey be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Godfrey and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

//
//
//
//
//
//
//

### III. CONCLUSION

The United States recommends that Defendant Godfrey receive a sentence of 36-months' imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that, on March 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Keilembo D. Ellison
Counsel for Defendant Godfrey

*s/ J. Schesnol*
U.S. Attorney's Office